UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID C. LETTIERI,

       Plaintiff,

  v.                                     24-CV-95-LJV
                                          ORDER

DEPARTMENT OF JUSTICE, *et al.*,

       Defendants.

---

The *pro se* plaintiff, David C. Lettieri, was a prisoner confined at the Niagara County Jail when he commenced this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Docket Item 1. Lettieri asserts claims against the United States Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") related to the video of an interview conducted by the FBI in connection with Lettieri's criminal prosecution.[2] *Id.* at 5, 12. Lettieri also has moved to proceed *in forma pauperis* ("IFP")—that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it. Docket Items 2 and 4.

---

[1] Lettieri commenced this action in the United States District Court for the Northern District of New York, and that court transferred the case to this District. *See* Docket Item 7.

[2] Lettieri was convicted by a jury of one count of enticement of a minor in violation of 18 U.S.C. § 2422(b). *United States v. Lettieri*, Case No. 21-cr-20, Docket Items 146 and 150 (W.D.N.Y. June 14, 2023). The Court takes judicial notice of the proceedings in Lettieri's criminal case to establish the factual background for his claims here. *See, e.g.*, *Johnson v. Pugh*, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) ("tak[ing] judicial notice of plaintiff's guilty plea, conviction, and sentencing").

Because Lettieri meets the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required authorization and certification, Docket Items 2 and 4, the Court grants his motion to proceed *in forma pauperis*.[3]  Therefore, under 28 U.S.C.

---

[3] Lettieri may well be barred from proceeding IFP under the "three strikes rule" of 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See Malik v. McGinnis*, 293 F.3d 559, 560 (2d Cir. 2002).  Lettieri accrued three such strikes no later than September 21, 2023.  *See Lettieri v. Vilardo,* Case No. 23-cv-6498, Docket Item 3 (W.D.N.Y. Sept. 21, 2023) (dismissing complaint due to judicial immunity); *Lettieri v. Western District of New York*, Case No. 23-cv-770, Docket Item 7 (W.D.N.Y. Sept. 11, 2023) (same); *Lettieri v. DOJ*, Case No. 23-cv-866, Docket Item 3 (W.D.N.Y. Sept. 19, 2023) (dismissing complaint due to prosecutorial immunity); *see also Lettieri v. Vilardo*, Case No. 23-cv-6563, Docket Item 3 (W.D.N.Y. Oct. 10, 2023) (Wolford, C.J.) (denying Lettieri's motion to proceed IFP under three strikes rule). Lettieri signed this complaint on September 14, 2023, however, so the Court deems it filed prior to his third strike.  *See* Docket Item 1 at 11; *see Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) (explaining that "[t]he prison mailbox rule provides that a *pro se* prisoner's [filing] is deemed filed at the moment [the prisoner] gives it to prison officials" and that "in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing"); *see Johnson v. Coombe*, 156 F. Supp. 2d 273, 277 (S.D.N.Y. 2001) (assuming, "absent evidence to the contrary," that "the prisoner gave his [complaint] to prison officials . . . on the date he signed it" (alterations and citation omitted)).

But there is another wrinkle:  The case was administratively closed on October 16, 2023, because Lettieri failed to either pay the filing fee or submit a complete IFP application, Docket Item 3, and it was reopened only upon Lettieri's submission of an undated inmate authorization form, which was docketed on October 30, 2023, Docket Item 4; Docket Item 5 (reopening case); *see Lettieri v. FBI*, Case No. 23-cv-503, Docket Item 13 at 4 & n.4 (W.D.N.Y. Feb. 13, 2024) (deeming complaint in case administratively closed and reopened after Lettieri's third strike barred by three strikes rule).

§§ 1915(e)(2)(B) and 1915A(a), the Court screens the complaint. For the reasons that follow, Lettieri's claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state claims upon which relief may be granted.

## DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the complaint (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639; *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank*,

---

Given the above timeline, it does not appear that Lettieri submitted the inmate authorization form completing his IFP motion before the accrual of his third strike on September 21, 2023. But it nevertheless is possible that he did so. The Court therefore gives him the benefit of the doubt, grants his motion to proceed IFP, and screens the complaint.

171 F.3d 794, 795 (2d Cir. 1999))). But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

I.   **SCREENING THE COMPLAINT**

In evaluating the complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint "must plead 'enough facts to state a claim to relief that is plausible on its face,'" *Shibeshi v. City of New York*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege some facts that support the claim. *See id.* (concluding that district court properly dismissed *pro se* complaint under section 1915(e)(2) because complaint did not meet pleading standard in *Twombly* and *Iqbal*). And even *pro se* pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004), and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

Lettieri has sued the DOJ and FBI for violating his Fifth Amendment right to due process. Docket Item 1 at 2, 4. While Lettieri's allegations are relatively sparse and somewhat difficult to understand, a liberal reading of the complaint tells the following story.

On November 5, 2020,[4] Lettieri was "[i]n an [i]interrogation room with two [FBI] agents," and the three had a "half[-]hour[-]long chat." *Id.* at 5, 12. The video of that "chat" was "hand[l]e[d]" by Assistant United States Attorney Paul E. Bonnano, who was prosecuting the criminal case against Lettieri. *Id.* "It took over a year" for the video of the interrogation to be provided to Lettieri, although it "shouldn[']t have taken that long." *Id.* at 12. Additionally, Lettieri "specialize[s i]n video editing," so he is aware that the video was edited; in fact, he can be an "expert witness" to that fact under Federal Rule of Evidence 702. *Id.* Lettieri requests "up to" one million dollars in damages, and he asks that criminal charges be brought against "the people [i]nvolved" and that a mistrial be granted in his criminal prosecution.[5] *Id.* at 5.

---

[4] While Lettieri states on one page of the complaint that the interview occurred on November 5, 2023, Docket Item 1 at 12, that appears to be a typo. Elsewhere in the complaint, he states that it occurred in 2020. *See id.* at 5.

[5] Lettieri has no standing to bring claims based on the government's failure to bring criminal charges against other individuals. *See Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (per curiam) (holding that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))).

Further, "[t]he only relief available in a *Bivens* action is an award of damages from the defendant[s]." *Pimentel v. Deboo*, 411 F. Supp. 2d 118, 125 (D. Conn. 2006). So to the extent Lettieri seeks an order requiring criminal charges to be brought against other individuals and granting a "mistrial" in his criminal case, Docket Item 1 at 5, his claims are dismissed without leave to amend.

5

## II.   BIVENS CLAIMS

### A.   Sovereign Immunity

Lettieri asserts *Bivens* claims against the DOJ and FBI, both of which are federal agencies.  Docket Item 1 at 2.  It is well settled that "[a]bsent a waiver, sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit."  *See FDIC v. Meyer*, 510 U.S. 471, 475, 485-86 (1994).  *Bivens* is no such waiver:  On the contrary, the Supreme Court has made clear that "[a]n extension of *Bivens* to agencies of the [f]ederal [g]overnment is not supported by the logic of *Bivens* itself."  *Id.* at 486; *see also Philippeaux v. United States*, 2019 WL 2082549, at *3 (S.D.N.Y. May 13, 2019) (holding that "a *Bivens* action . . . may not be brought against federal agencies" (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001))).

Accordingly, Lettieri's claims against the DOJ and FBI for money damages are dismissed without leave to amend.  *See Cuoco*, 222 F.3d at 112.

### B.   *Heck* Bar

Lettieri's claims are ill-defined.  He sues only the FBI and DOJ, Docket Item 1 at 1-2, but he primarily complains about Bonanno's conduct, *id.* at 12.[6]  In light of Lettieri's *pro se* status, the Court liberally construes his complaint as asserting claims against Bonanno.  *See Lettieri*, Case No. 23-cv-866, Docket Item 3 at 2 n.3 (construing complaint against DOJ as being brought against assistant United States attorney

---

[6] While Lettieri also refers to two unnamed FBI agents, he says only that they questioned him for "half [an] hour" which—even liberally construed—cannot form the basis for a claim.  Docket Item 1 at 12.  Moreover, Lettieri specifically alleges that the video was "handled" by Bonanno—not by the FBI agents.  *Id.*

6

prosecuting Lettieri).  But even so construed, Lettieri's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Under *Heck*, a plaintiff's civil rights claim must be dismissed if a judgment for the plaintiff "would necessarily imply the invalidity of his conviction." *Id.* at 487.  *Heck*'s reach extends to lawsuits brought under *Bivens*.  *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995).

Lettieri asserts claims against Bonanno for failing to turn over a video of Lettieri's interrogation in a timely manner and for "edit[ing]" the version that ultimately was turned over.  Docket Item 1 at 12.  In other words, Lettieri appears to assert that evidence was suppressed in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), which held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution," *id.* at 87; *see also Poventud v. City of New York*, 750 F.3d 121, 133 (2d Cir. 2014) ("There are three components of a true *Brady* violation:  The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the [government], either willfully or inadvertently; and prejudice must have ensued." (citation omitted)).

The Second Circuit "has emphatically and properly confirmed that *Brady*-based [civil rights] claims necessarily imply the invalidity of the challenged conviction in the trial . . . in which the *Brady* violation occurred."  *Id.* at 132-33 (emphasis omitted) (citing *Amaker v. Weiner*, 179 F.3d 48, 51-52 (2d Cir. 1999)); *see id.* at 133 (explaining that "the remedy for a *Brady* violation is *vacatur* of the judgment of conviction").  Therefore,

7

Lettieri's claims against Bonanno are barred by *Heck* because they are based on an alleged *Brady* violation and such claims "necessarily imply the invalidity" of his conviction.[7]  *Id.* at 132-33.  And those claims are dismissed without leave to amend because any amendment would be "futile."  *Cuoco*, 222 F.3d at 112.

## CONCLUSION

In light of the above, IT IS HEREBY

ORDERED that Lettieri's motion to proceed *in forma pauperis*, *see* Docket Items 2 and 4, is GRANTED; and it is further

ORDERED that Lettieri's complaint is dismissed and the Clerk of the Court shall close this case; and it is further

ORDERED that this Court hereby certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals *in forma pauperis* is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

---

[7] Lettieri's claims against Bonanno also may well be barred by absolute prosecutorial immunity, which "protects a prosecutor from liability for virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Collins v. City of New York*, 923 F. Supp. 2d 462, 470 (E.D.N.Y. 2013) (alteration omitted) (quoting *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir.1994)); *see Warney v. Monroe Cnty.*, 587 F.3d 113, 125 (2d Cir. 2009) (holding that prosecutors are "absolutely immune from personal liability" based on claims that they "violated *Brady v. Maryland*" because "the disclosure of evidence to opposing counsel is an advocacy function"); *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) ("[A]bsolute prosecutorial immunity extends even to conspiracies to present false evidence at trial . . . [or] in the grand jury setting.").

SO ORDERED.

Dated: May 14, 2024
        Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE